Estelia FIGUEROA, Plaintiff–
Appellant,

v.

Jo Anne B. BARNHART,\* Commissioner, Social Security Administration, Defendant–Appellee.

Docket No. 00–6144.

United States Court of Appeals, Second Circuit.

March 22, 2002.

Wendy Brill, New York, NY, for Appellant.

Susan D. Baird, Assistant United States Attorney, for Mary Jo White, United States Attorney, Southern District of New York, (Jeffrey Oestericher, on the brief).

Present CALABRESI, CABRANES, Circuit Judges, and PRESKA\*\*, District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Plaintiff–Appellant Estelia Figueroa ("Figueroa") appeals from an Opinion and Order dated March 9, 2000 in the United States District Court for the Southern District of New York (Casey, *J.*), affirming the decisions of Administrative Law Judge Kenneth Levin (the "ALJ") and the Appeals Council, denying Plaintiff's application for disability benefits pursuant to the Social Security Act, 42 U.S.C. §§ 401 et. seq. (the "Act").

### BACKGROUND

Figueroa applied for disability benefits on April 6, 1995, claiming that she had been disabled since May 31, 1989 due to back pain and asthma. The application was denied initially and then again on reconsideration. Figueroa thereafter requested a hearing before an ALJ. Following the hearing, the ALJ issued, on June 21, 1996, a decision finding that Figueroa was not disabled. In reaching his decision, the ALJ applied the five-step sequential evaluation for determining whether a person is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. Though the ALJ found that Figueroa did suffer from " 'severe' asthma and a back disorder," he also held that "claimant's subjective complaints are inconsistent with the objective medical evidence and are not fully credible." Despite her impairments, according to the ALJ's findings: "claimant has the residual functional capacity to perform work-related activities except for work involving excessive exposure to noxious inhalants, or lifting more than 10 pounds occasionally, or walking more than two hours per day. . . . The claimant's past relevant work as data entry clerk/computer operator did not require the performance of work-related activities precluded by the above limitation." Thus, the ALJ stated that Figueroa was not disabled at any point prior to the date of decision. The Appeals Council denied Figueroa's request for review on January 21, 1998.

### DISCUSSION

On appeal to this Court, Figueroa claims, as she did before the district court,

---

\* Jo Anne B. Barnhart replaced Kenneth Apfel as the Commissioner of Social Security on November 9, 2001. This action was commenced against Apfel, but Barnhart is substituted for Apfel pursuant to Fed.R.Civ.P. 43(c)(2).

\*\* The Honorable Loretta A. Preska, United States District Judge for the Southern District of New York, sitting by designation.

(1) that the ALJ failed to give proper weight to the opinion of her treating physician, Dr. Luis E. Guerrero, and (2) that the ALJ failed properly to evaluate Figueroa's subjective complaints and credibility.

When deciding an appeal from a denial of social security disability benefits, "we focus on the administrative ruling rather than the district court's opinion." *Curry v. Apfel,* 209 F.3d 117, 122 (2d Cir.2000); *see Schaal v. Apfel,* 134 F.3d 496, 500–01 (2d Cir.1998). In reviewing the district court's decision, "we undertake our own plenary review of the administrative record." *Pratts v. Chater,* 94 F.3d 34, 37 (2d Cir. 1996); *see Curry,* 209 F.3d at 122; *Schaal,* 134 F.3d at 501. But "[i]t is not our function to determine *de novo* whether [Appellant] is disabled." *Pratts,* 94 F.3d at 37; *see Curry,* 209 F.3d at 122; *Schaal,* 134 F.3d at 501; *Pratts,* 94 F.3d at 37. "Rather, we must determine whether the Commissioner's conclusions 'are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard.' " *Schaal,* 134 F.3d at 501 (quoting *Beauvoir v. Chater,* 104 F.3d 1432, 1433 (2d Cir.1997) (internal quotation marks and citation omitted)); *accord Curry,* 209 F.3d at 122; *see* 42 U.S.C. § 405(g); *Diaz v. Shalala,* 59 F.3d 307, 312 (2d Cir.1995). "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Curry,* 209 F.3d at 122 (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)); *accord Schaal,* 134 F.3d at 501.

After reviewing the administrative record, we conclude, substantially for the reasons given by the district court, that the ALJ's decision that Figueroa is not disabled is sufficiently supported by the evidence.

We have considered all of Figueroa's arguments and find them to be without merit. We therefore AFFIRM the judgment of the district court.